UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2: 19-cv-0948 MCE KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated herein, the undersigned recommends that plaintiff's motion to proceed in forma pauperis be denied.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

////

1

Court records reveal that on at least three occasions prior to the filing of this action on May 24, 2019, lawsuits filed by plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted: 1) <u>Brown v. Mueller</u>, 2:12-cv-2321 KJM DAD (dismissed on September 24, 2013, as frivolous and for failure to state a claim); 2) <u>Brown v. Miller</u>, 2:15-cv-1687 GEB CMK (dismissed on September 21, 2016, for failure to state a claim); and 3) <u>Brown v. State of California</u>, 2:17-cv-1845 MCE AC (dismissed on December 6, 2017, for failure to state a claim).

In addition, in <u>Brown v. Sagiereddy</u>, 2: 17-cv-2041 KJM AC (E.D. Cal.), on May 2, 2018, the district court found that plaintiff had filed five cases that qualified as strikes under 28 U.S.C. § 1915(g). The Ninth Circuit also found that plaintiff sustained three or more prior actions and appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. <u>Brown v. State of California</u>, No. 17-17527 (9th Cir. 2017).

Plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. 1915(g). For the reasons stated herein, the undersigned finds that plaintiff does not meet the imminent danger exception to 1915(g).

Named as defendants in this action are California Governor Gavin Newsom and Adrian, who plaintiff describes as an assistant to former California Governor Brown and defendant Newsom. In the description of his claims, plaintiff also appears to name former Governor Brown as a defendant.

Plaintiff alleges that from 2014 to 2019, defendant Adrian failed to pass on reports concerning crimes committed against plaintiff by other prisoners to defendants Brown and Newsom. These reports were communicated by mail and phone.

Plaintiff alleges that on June 25, 2014, he was assaulted by inmate Harris. Plaintiff sent defendant Brown a written report regarding the assault. Plaintiff's mother reported the assault to the Governor's Office of Legal Affairs by telephone. Defendant Brown failed to respond to these communications.

Plaintiff alleges that on January 11, 2015, he was assaulted by inmate Miller. Plaintiff's mother reported the assault to the Governor's Office of Legal Affairs by telephone. Plaintiff sent

defendant Brown a written report regarding the assault. Defendant Brown failed to respond to these communications.

Plaintiff alleges that on or around February 2, 2015, he was assaulted by inmate Lee. Plaintiff's mother reported the assault to the Governor's Office of Legal Affairs by telephone. Plaintiff sent defendant Brown a written report regarding the assault. Defendant Brown failed to respond to these communications.

Plaintiff alleges that on May 24, 2015, he was assaulted by inmates Hall and Norwood.

Plaintiff alleges that from July 16, 2015, to an unknown date, he was twice assaulted by inmate Silva, a known associate of inmate Norwood. Plaintiff wrote a letter to the Governor's Office of Legal Affairs requesting an investigation of the ongoing assaults. Defendant Brown failed to respond to these communications.

On April 15, 2019, plaintiff was assaulted by inmate Martinez. Plaintiff alleges that just prior to the assault, he was afraid that prison staff were setting him up to be assaulted by inmate Martinez. In particular, plaintiff alleges that he left his cell and went to the Officer's workstation to send out his legal mail. Officer Jasper arrived to process plaintiff's legal mail. While Officer Jasper processed his mail, plaintiff noticed that inmate Martinez had also approached the Officer's workstation. Plaintiff noticed that the dayroom lights were out except in the middle area where the showers and workstation were located.

At that time, Nurse Catarata and Nurse Kaur arrived and asked plaintiff to go to the treatment room to have his dressing changed. Plaintiff alleges that at this time, he became fearful that he was being set up to be ambushed by inmate Martinez. Plaintiff asked Officer Jasper to turn on the overheard light in the dayroom. Officer Jasper refused, stating that she did not want the lights on in her work station.

Plaintiff told Officer Jasper that the lights are always supposed to be on during program hours. Inmate Martinez then said, "what's your problem. The lights are on in the front and back dayroom areas." Plaintiff walked away from inmate Martinez without saying anything.

Nurse Kaur or Nurse Catarata then called plaintiff and asked if he was coming to the dressing room. Plaintiff responded by telling them to bring the bandages and cleaning solution

down to his cell area. Nurse Kaur asked plaintiff, "why?" Plaintiff responded that he was not going where the lights were off. Plaintiff stated that the low light would keep the cameras from recording what was going on.

Without saying a word, Officer Jasper turned the lights on. Plaintiff finished processing his legal mail then went to have his dressing changed. Plaintiff returned to the area near his cell. Nurse Catarata dispensed plaintiff's medications to him in the front of the nursing station. Nurse Assistant Olsen took plaintiff's vital signs. Nurse Catarata then called plaintiff back to the nursing station to an area below a camera recorder. As plaintiff approached, inmate Martinez came up to plaintiff in a huffed up manner. Inmate Martinez then said, "motherfucker!" and struck plaintiff. Plaintiff continued moving toward the nursing station, in his wheelchair, refusing to engage inmate Martinez.

Plaintiff alleges that immediately after the assault, both Nurse Kaur and Nurse Catarata asked plaintiff what happened. Plaintiff refused to respond to their inquiries and stated, "I have no comment. Nothing to say at all."

Plaintiff alleges that later that evening, Nurse Catarata came to his cell door with Nurse Assistant Olsen. They asked plaintiff several times about the incident with inmate Martinez. Plaintiff "refuse[d] to go into specifics, but explained to them that I couldn't complain to any CHCF personnel or admit what had happened." Plaintiff stated that he would not confirm, deny or admit anything, and that any complaint would be taken up in the State Capital Building.

Plaintiff's mother called the Governor's Officer of Legal Affairs regarding the assault by inmate Martinez and spoke with defendant Adrian. Plaintiff alleges that defendant Adrian told his mother that she would look into the matter. On April 17, 2017, plaintiff sent defendant Newsom a written report regarding the assault by inmate Martinez. In this report, plaintiff requested that inmate Martinez be declared his enemy and moved to administrative segregation. At the time plaintiff signed his complaint on May 24, 2019, defendant Newsom had not responded to his communications regarding the assault by inmate Martinez.

Plaintiff alleges that on April 21, 2019, he sent a document titled, "Felony Battery Report," to the San Joaquin County District Attorney's Office describing the assault by inmate

1 | Martinez. Plaintiff alleges that on May 12, 2019, he sent the San Joaquin County Sheriff's Office
2 | a report describing the assault by inmate Martinez. Plaintiff alleges that he did not have any legal
3 | recourse within the California Department of Corrections and Rehabilitation ("CDCR") to
4 | address the assault by inmate Martinez, because CDCR personnel would attempt to erase the
5 | video footage of the assault.

Plaintiff does not allege any relationship between the assault by inmate Martinez and the assaults that allegedly occurred in 2014 and 2015. Accordingly, the undersigned finds that the alleged assaults that occurred in 2014 and 2015 are not evidence of imminent danger to plaintiff. The undersigned herein considers whether plaintiff's claim that he suffers an ongoing threat of further assaults from inmate Martinez meets the imminent danger exception to § 1915(g).

The Second Circuit has held that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009). The Ninth Circuit also has recognized that the imminent danger alleged must be sufficiently related to a claim in the complaint for the imminent danger exception to apply. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015) (Williams I) (finding plaintiff's allegations of ongoing danger – threats to her safety by other inmates – "clearly related to her initial complaint" regarding rumors started by defendants). District courts in this circuit accordingly have found that the plaintiff asserting the imminent danger exception must show a nexus between the imminent danger alleged and a claim in the complaint. See Johnson v. Sonoma Cty. Main Adult Det. Facility, 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015); Pinson v. Frisk, 2015 WL 738253, at *3 (N.D. Cal. Feb. 20, 2015). This court agrees. In order to qualify for the imminent danger exception, plaintiff must show that: (1) the imminent danger of serious physical injury alleged is fairly traceable to unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that injury. See id.

Plaintiff alleges that he was set up by prison officials to be assaulted by inmate Martinez. A claim that prison officials set plaintiff up to be assaulted could constitute an imminent threat of danger, particularly if plaintiff is still housed with inmate Martinez. However, plaintiff's

5

complaint contains no facts from which it may be reasonably inferred that prison officials set him up to be assaulted by inmate Martinez. Plaintiff suggests that Officer Jasper initially refused to turn the lights on in order to facilitate an assault. However, plaintiff also alleges that Officer Jasper turned the lights on after plaintiff refused to go to the dressing room without having the lights on. These allegations, alone, do not demonstrate that Officer Jasper facilitated the assault by inmate Martinez. None of the alleged actions by Nurses Catarata and Kaur and Nursing Assistant Olsen suggest that they were motivated to facilitate the assault. For these reasons, plaintiff's conclusory claims that prison officials set up the assault by inmate Martinez do not meet the imminent danger exception to § 1915(g). See Blackman v. Mjening, 2016 WL 5815905 at *1 (E.D.Cal. 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."); White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) ("[V]ague and utterly conclusory assertions" of imminent danger are insufficient.").

Plaintiff also alleges that he refused to answer any questions from prison officials regarding the alleged assault by inmate Martinez. Plaintiff offers no credible explanation for his failure to participate in an investigation by prison officials of the alleged assault. Plaintiff's suggestion that he refused to participate in the investigation because prison officials previously destroyed evidence of assaults and hired inmates to commit assaults is not supported by the allegations in the complaint. The undersigned also observes that plaintiff does not claim that he asked any prison official to move inmate Martinez to administrative segregation or to declare inmate Martinez plaintiff's enemy.

For the reasons discussed above, the undersigned finds that plaintiff's complaint alleges no unlawful conduct by prison officials regarding the assault by inmate Martinez. Thus, even if plaintiff faces a threat of further assault by inmate Martinez, plaintiff has pled no facts demonstrating that prison officials improperly failed to take action in response to this threat.

The general supervisory powers of defendants Brown and Newsom do not extend to criminal investigations requested by individual state prisoners. See Brown v. State of California, 2017 WL 8792683 at *3 (E.D. Cal. 2017). For this reason, the alleged failure of defendants Brown and Newsom to investigate plaintiff's complaints of assaults by other inmates does not

state a potentially colorable Eighth Amendment claim.  Because defendants Brown and Newsom did not violate plaintiff's constitutional rights by failing to investigate his complaints, the alleged failure of defendant Adrian to forward plaintiff's complaints to defendants Brown and Newsom also fails to state a potentially colorable claim.[1]

Because plaintiff's complaint alleges no unlawful conduct by any prison official, or named defendant, he does not meet the imminent danger exception to § 1915(g).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to proceed in forma pauperis (ECF No. 6) be denied; and plaintiff be ordered to pay the $400 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 9, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Br948.56

---

[1] It is unclear whether defendant Adrian is a state actor for purposes of liability under Section 1983.  The undersigned does not reach this issue because plaintiff's claims against defendant Adrian are not potentially colorable.

7