UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-00948 MCE KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 9, 2019, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff filed objections to the findings and recommendations.

With respect to the Governor, the Eleventh Amendment "does not . . . bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." Coalition to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012) (citations omitted). However, "[t]he individual state official sued must have some connection with the enforcement of the act. . . . [and] that connection must be

fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." Id. (citations and internal quotation marks omitted). Governor Newsom's general supervisory powers do not extend to criminal investigations requested by individual state prisoners. Plaintiff claims he may amend his pleading to raise a supplemental state law claim based on such allegations. However, despite plaintiff's objections, the undersigned finds no cognizable § 1983 claim against the Governor and his staff person "Adrian," and therefore declines to exercise supplemental jurisdiction over any potential state law claims. The dismissal of this action is without prejudice to plaintiff pursuing such claims in state court.

Similarly, plaintiff's claim of imminent danger are based on allegations too attenuated from plaintiff's allegations against the named defendants. Pettus v. Morgenthau, 554 F.3d 293 (2nd Cir. 2009). Plaintiff's allegations that defendants Newsom and Adrian failed to act on plaintiff's reports of assaults in state prison took place after the incidents, such defendants were not involved in the alleged incidents, and therefore such omissions are not fairly traceable to the incidents alleged. Plaintiff cannot rectify such deficiencies by amendment.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 9, 2019, are adopted in full;

2. Plaintiff's motion to proceed in forma pauperis is denied; and

3. Plaintiff is ordered to pay the $400.00 filing fee within fourteen days from the date of this order.

IT IS SO ORDERED.

Dated: February 4, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE